# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DEBRA A. FISHER,**
**Claimant Below, Petitioner**

**FILED**
July 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1410**   (BOR Appeal No. 2045575)
(Claim No. 2001002431)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Debra A. Fisher, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 19, 2011, in which the Board affirmed a January 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 13, 2009, decision granting an additional 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Revised Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Fisher suffered an injury when she slipped on a wet floor and landed on her right hip. The claim was held compensable for lumbar sprain. The claims administrator's November 13, 2009, decision granting no additional permanent partial disability award was based upon the October 26, 2009, report of Dr. Sethi and the fact that Ms. Fisher had previously received a permanent partial disability award of 34%.

The Office of Judges affirmed the claims administrator's decision and held that Ms. Fisher has not demonstrated that she is entitled to an additional permanent partial disability

1

award above the 34% permanent partial disability granted to date for her low back. On appeal, Ms. Fisher disagrees and asserts that the Board of Review erred in affirming the Office of Judges' Order dated January 14, 2011, because the Office of Judges added additional compensable components by its Order dated March 3, 2011, and the Board of Review should have remanded the claim for an independent medical evaluation to include the additional components. Wheeling Hospital maintains that the Board of Review correctly found that Ms. Fisher is not entitled to any additional permanent partial disability award because she has been fully compensated through prior permanent partial disability awards.

The Office of Judges concluded that the medical evidence failed to establish that Ms. Fisher was entitled to any additional permanent partial disability for the low back. However, an Office of Judges' Order dated March 3, 2011, added lumbar radiculopathy and lumbar herniated disc as compensable conditions in the subject claim. The March 3, 2011, Office of Judges' Order came prior to the Board of Review's September 19, 2011, ruling and Ms. Fisher has not been evaluated since the addition of the compensable components of lumbar radiculopathy and lumbar herniated disc. Therefore, the decision of the Board of Review is reversed and the claim is remanded for an additional independent medical evaluation based on the Office of Judges' Order dated March 3, 2011, that added lumbar radiculopathy and lumbar herniated disc as compensable components.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded for further consideration based on the Office of Judges' Order dated March 3, 2011, that added lumbar radiculopathy and lumbar herniated disc as compensable components in the subject claim.

Reversed and Remanded.

**ISSUED:  July 11, 2013**

**CONCURRED IN BY:**
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis